UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------X
STEVEN GEORGILIS, individually and as
assignee of Green Diamond Tire Factory
Corp. LTD; OHIO MADE TIRES LLC.;
AMERICAN MADE TIRES INC.,

                    Plaintiffs,[1]                          **ORDER**
                                                        25-CV-02417 (NRM) (JAM)


          -against-


CORNING FEDERAL CREDIT UNION also
known a Corning Credit Union; TIM
MONTANYE, individually; DAVIDSON
FINK LLP; DAVID RASMUSSEN, individually;
GLENN FJERMEDAL, individually,

                    Defendants.
-----------------------------------------------------X
**NINA R. MORRISON**, United States District Judge:

       By Order dated June 10, 2025, *pro se* Plaintiff Steven Georgilis was directed to

Show Cause why this fee-paid action should not be transferred to the United States

District Court for the Western District of New York.    Plaintiff's response to the Order

to Show Cause, filed on June 24, 2025, fails to demonstrate that the Eastern District

of New York is the proper venue for this case.    Pl. Resp. to Order to Show Cause ("Pl.

Resp."), ECF No. 16.    Therefore, the action is transferred to the Western District of

New York.

---

       [1] A *pro se* litigant who is not an attorney cannot assert claims in federal court
on behalf of an artificial entity, such as a corporation or a limited liability company.
*See, e.g.*, *United States ex rel. Mergent Servs. v. Flaherty*, 540 F.3d 89, 92 (2d Cir.
2008).

## Background

The factual background and procedural history relevant to this Order are set forth in detail in the Court's prior Order, with which familiarity is assumed.  *See* Order to Show Cause, ECF No. 13.   The Court provides only a brief summary, as well as additional background information as relevant to this Order.

Plaintiff brought this action against Corning Federal Credit Union ("Corning") and the law firm and attorneys representing Corning in Plaintiff's prior actions in the Western District.   The Defendants are all deemed to reside in the Western District of New York based on the information provided by Plaintiff in his complaint. *See generally* Compl., ECF No. 1.   Plaintiff asserts that Defendants have engaged in a pattern of racketeering activity from 2010 through April 2025.   Plaintiff, as President of American Tire Company, received loans that he ultimately defaulted on, resulting in bankruptcy.   He alleges that he did not receive the value promised for his loan from Corning because it lacked adequate consideration, that Corning's loan documents were unenforceable and invalid, and that Corning failed to perfect its security interest in American Tire Company.   Plaintiff also alleges wrongdoing by the attorney Defendants in connection with a substantially similar case that Plaintiff filed in the Western District of New York on November 18, 2024. *See Georgilis v. Corning Federal Credit Union*, No. 24-CV-06667 (MAV).

In the Western District case, on May 12, 2025, the court dismissed the case without prejudice under Rule 41(a)(1)(A)(i).   *Georgilis v. Corning Federal Credit*

*Union*, No. 24-CV-06667 (MAV) (W.D.N.Y. May 12, 2025).    In that same Order, the court cautioned Plaintiff about the prohibition on refiling the same or substantially similar causes of action against Defendants predicated on the same facts, and about the risk of sanctions or other consequences were Plaintiff to violate that prohibition in future litigation.    *Id.* at 1–2.    Specifically, Judge Meredith A. Vacca noted that "Plaintiff has engaged in a 'decade-long campaign of filing repetitive, frivolous and time-bared [sic] claims against [defendants].'"    *Id.* (quoting Def. Letter at 1, *Georgilis v. Corning Federal Credit Union*, No. 24-CV-06667 (MAV) (W.D.N.Y. Apr. 29, 2025), ECF No. 35).

Possibly due to the prior warnings he received from the Western District, or perhaps hoping that his litigation history would not be scrutinized, Plaintiff chose to file in this Court.    Plaintiff's response to the Order to Show Cause is rambling and disjointed.    As far as can be determined, Plaintiff argues that this case should not be transferred to the Western District because (1) fraud was committed against Judge Elizabeth Strong in his Eastern District bankruptcy case in 2011 to 2013; (2) since he voluntarily dismissed his Western District case, that case is "non-existent" and, thus, this Court cannot transfer the instant case; and (3) that the undersigned is being "systematically deceived by the same criminal enterprise that defrauded Judge Strong."    Pl. Resp. at 1–2.

On June 30, 2025, Defendants filed a reply memorandum of law in further support of their previously submitted motion to dismiss the complaint and for sanctions, *see* Mot. to Dismiss, ECF No. 11, and a response to the Order to Show

Cause.  Def. Reply Mem. of Law in Support of Def. Mot. to Dismiss and Resp. to Order to Show Cause ("Def. Reply Mem."), ECF No. 17.

## Discussion

Under 28 U.S.C. § 1391, a civil rights action may be brought in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).

Under 28 U.S.C. § 1404, even if an action is filed in a federal district court where venue is proper, a court may nevertheless transfer the action to any other federal district court where it might have been brought "[f]or the convenience of parties and witnesses, in the interest of justice."  28 U.S.C. § 1404(a); *see also D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 106 (2d Cir. 2006) ("District courts have broad discretion in making determinations of convenience under Section 1404(a) and notions of convenience and fairness are considered on a case-by-case basis." (citing *In re Cuyahoga Equip. Corp.*, 980 F.2d 110, 117 (2d Cir.1992))).

District courts in the Second Circuit "appl[y] a two-part test to motions to transfer venue under § 1404(a)."  *United States v. Rare Breed Triggers, LLC*, 669 F. Supp. 3d 169, 179 (E.D.N.Y. 2023) (citation omitted).  "The initial inquiry is whether the case could have been brought in the proposed transferee district . . . ."  *Herbert*

*Ltd. P'ship v. Elec. Arts Inc.*, 325 F. Supp. 2d 282, 285 (S.D.N.Y. 2004). "For the purposes of section 1404(a), an action might have been brought in another forum if, at the time the action was originally filed, the transferee court would have had subject matter jurisdiction and personal jurisdiction over the defendants, and if venue would have been proper in the transferee court." *Guardian Life Ins. Co. of Am. v. Coe*, 724 F. Supp. 3d 206, 213 (S.D.N.Y. 2024) (quoting *Posven, C.A. v. Liberty Mut. Ins. Co.*, 303 F. Supp. 2d 391, 401 (S.D.N.Y. 2004)).

If that threshold inquiry is satisfied, the Court proceeds to the second step. *See Rare Breed Triggers*, 669 F. Supp. 3d at 179. "To that end, the court may consider a host of equitable factors, including (1) convenience of witnesses; (2) convenience of the parties; (3) location of relevant documents and the relative ease of access to sources of proof; (4) the locus of the operative facts; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) the comparative familiarity of each district with the governing law; (8) the weight accorded to plaintiff's choice of forum; and (9) judicial economy and the interests of justice." *Id.* (citation modified). These factors are "non-exclusive" and the "relative weight of each factor depends on the particular circumstances of the case." *Id.* (citation modified).

The Court is cognizant of its responsibility to take "action it deems proper to 'avoid duplication of judicial effort, void vexatious litigation in multiple forums, achieve comprehensive disposition of litigation among parties over related issues, and eliminate the risk of inconsistent adjudication.'" *Wyler-Wittenberg v. MetLife Home*

5

*Loans, Inc.,* 899 F. Supp. 2d 235, 247 (E.D.N.Y. 2012) (quoting *Regions Bank v. Wieder & Mastroianni, P.C.,* 170 F. Supp. 2d 436, 439 (S.D.N.Y. 2001).   Transfer of this action to the Western District of New York is appropriate.   Plaintiff's pattern of vexatious litigation should not now be rewarded by his being allowed to proceed in this forum.   The Western District is already familiar with Plaintiff, his conduct, and his litigation history.   The Western District has previously warned him about his behavior, and Defendants are located in that District.   Therefore, the Western District is in a more appropriate position to decide this action and decide whether to sanction Plaintiff.   Accordingly, the interest of justice favors the transfer of the case.

## Conclusion

The Clerk of Court is hereby directed to transfer this action to the United States District Court for the Western District of New York.   28 U.S.C. §§ 1391(b), 1404(a).   No summons shall issue from this Court.   This Order closes this action in this Court.

A decision on the Defendants' motion to dismiss and for sanctions is reserved for the transferee court.   *See Schweitzer v. Nevels*, 669 F. Supp. 3d 242, 246 (S.D.N.Y. 2023) (citing *King v. Aramark Servs., Inc.*, No. 19-CV-77, 2019 WL 3428833, at *2 (W.D.N.Y. 2019)) (noting that when a motion to dismiss and a motion to transfer venue are presented, the Court typically addresses the venue motion first, and, where transfer is appropriate, leaves the motion to dismiss to be decided by the transferee court).

The Clerk of Court is respectfully requested to mail a copy of this Order to

Plaintiff and to mark the mailing on the docket.

Although Plaintiff paid the filing fee to bring this action, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith and, therefore, *in forma pauperis* status is denied for the purpose of any appeal.  *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED

/s/ Nina R. Morrison
NINA R. MORRISON
United States District Judge

Dated: July 25, 2025
        Brooklyn, New York

7